# United States District Court

## SOUTHERN DISTRICT OF INDIANA **SEALED**

**UNITED STATES OF AMERICA**

**V.**

**KEENAN ROLLERSON**

## CRIMINAL COMPLAINT

CASE NUMBER: 1:17-mj-00317

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 27, 2017, in Hendricks County, in the Southern District of Indiana defendant did,

Count 1: Possession With Intent to Distribute One Kilogram or More of Heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); and

Count 2: Unlawful Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1).

I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached AFFIDAVIT

**Continued on the attached sheet and made a part hereof.**

Marc Campbell, Task Force Officer, DEA

**Sworn to before me, and subscribed in my presence**

May 2, 2017 at Indianapolis, Indiana
**Date**

Mark J. Dinsmore, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

**Signature of Judicial Officer**

# AFFIDAVIT

1. Your Affiant, Marc Campbell, has been a police officer with the Indianapolis Metropolitan Police Department (IMPD) since August 18, 1997. I am currently assigned as a Task Force Officer (TFO) with the United States Drug Enforcement Administration (DEA) and have been so assigned since September of 2009. I have received specialized training in investigations concerning drug trafficking organizations and investigations involving violations of federal law under Title 21 of the United States Code.

2. My official DEA duties include investigating criminal violations of federal narcotics laws including, but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848, as well as federal money laundering laws including, but not limited to, Title 18, United States Code, Sections 1956 and 1957. I have received special training in the enforcement of laws concerning controlled substances and money laundering as found in the United States Code. Some of the specialized training I have received includes, but is not limited to, classroom instruction concerning narcotics smuggling, money laundering investigations and conspiracy, and complex investigations. I have been involved in various types of electronic surveillance, including the interception of wire communications, the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, the laundering and concealing of proceeds from drug trafficking and the street gangs who participate in these illegal activities.

3. As a result of these investigative activities, I have conducted and participated in hundreds of investigations with DEA that have resulted in the seizure of multiple kilograms of heroin, cocaine and methamphetamine, as well as thousands of pounds of marijuana. I am familiar with and have participated in all of the normal methods of investigation, including but not limited

to visual surveillance, questioning of witnesses, controlled deliveries, undercover buys, execution of search and arrest warrants, management and use of informants, pen registers and Title III investigations.

4. The information set forth in this Affidavit is based upon my participation in this investigation, interviews of witnesses, review of law enforcement reports, discussions with other law enforcement officers, information provided by a confidential informant, review of video recordings and my experience and training. This Affidavit does not set forth every fact I have learned during this investigation, but rather is provided solely for the purpose of establishing probable cause in support of the Complaint in this matter.

5. In July of 2016, law enforcement agents from the Drug Enforcement Administration's Indianapolis District Office began investigating the drug dealing activities of Keenan ROLLERSON. Information obtained during the investigation revealed that ROLLERSON dealing in kilograms quantities of heroin, in the Indianapolis, Indiana area.

6. Between March 2017 and April 2017, DEA/IMPD utilized an IMPD Confidential Source (CS) to conduct multiple controlled purchases of heroin from ROLLERSON in Indianapolis, Indiana. Each of these controlled purchases resulted in the seizure of heroin and fentanyl.

7. On April 26, 2017, Officers from United Drug Task Force (UDTF), I.M.P.D. East District Narcotics and D.E.A., received search warrants for ROLLERSON'S residences, located at 12 Carnaby Lane, Brownsburg, Indiana and 4231 Majestic Lane, Apartment D, Indianapolis, Indiana. On April 27, 2017, prior to the execution of the search warrant, law enforcement agents established surveillance on the residences located at 12 Carnaby Lane, Brownsburg, Indiana and 4231 Majestic Lane, Apartment D, Indianapolis, Indiana.

8. On April 27, 2017, TFO Derek Heller observed ROLLERSON leave the 12 Carnaby Lane residence in a black Cadillac Escalade. Hendricks County Corporal (Cpl.) Schafer conducted a traffic stop on the Cadillac for speeding. ROLLERSON was driving.

9. As Cpl. Schafer approached the Cadillac, he could smell a strong odor of marijuana and asked ROLLERSON for his license and registration. Cpl Shafer asked ROLLERSON to get out of the vehicle. ROLLERSON then consented to a search of his vehicle and person.

10. Cpl. Shafer and DEA SA Schmidt searched the vehicle and recovered a loaded FN-H, 5.7 x 28 caliber semiautomatic handgun in the center console of the vehicle. Cpl Shafer also seized approximately one ounce of marijuana from a metal can inside a black bag inside the vehicle.

11. While the vehicle was being searched, TFO Campbell gave ROLLERSON his *Miranda* warnings, as witnessed by another DEA agent, Special Agent McCormick. TFO Campbell asked ROLLERSON if there was anything in the car, and ROLLERSON said there was a gun and some marijuana. TFO Campbell asked who the gun and marijuana belonged to, and ROLLERSON replied that they were his. ROLLERSON admitted to TFO Campbell that he was a convicted felon. TFO Campbell told ROLLERSON that the DEA had an ongoing narcotics investigation of ROLLERSON and had multiple search warrants for residences connected to ROLLERSON. ROLLERSON told TFO Campbell he wanted to cooperate with law enforcement. He said his son was back at his house, but that no one but ROLLERSON was involved in drug sales.

12. Law enforcement agents transported ROLLERSON back to the 12 Carnaby Lane residence.

13. When TFO Campbell asked ROLLERSON to identify where any drugs, contraband or money were hidden, ROLLERSON said that there was approximately $60,000.00 in a drawer in the bedroom nightstand. ROLLERSON stated that the bedroom door required a key to gain entry and provided the key to TFO Campbell. Another DEA agent, Special Agent Schmidt, located additional money hidden underneath several piles of clothes in the master bedroom. When TFO Campbell asked ROLLERSON about the additional money, ROLLERSON stated, "I forgot about that". ROLLERSON further stated that money was for the courier. ROLLERSON admitted that all of the money law enforcement found was from heroin sales. Law enforcement discovered a total of $153,960.00 inside ROLLERSON'S residence.

14. TFO Campbell told ROLLERSON that agents had another search warrant for an apartment located at 4231 Majestic Lane, Apartment D, Indianapolis, Indiana. When TFO Campbell asked ROLLERSON what was inside that apartment, ROLLERSON stated "two and half kilos of heroin in a box and 3 rifles under the bed". ROLLERSON gave TFO Campbell the key to the apartment. A subsequent search of the apartment resulted in the seizure of approximately 3 kilograms of heroin, one loaded Masterpiece arms semiautomatic 5.7 x 28 caliber handgun, one loaded AR-15 Anderson Man. 5.56 caliber semiautomatic pistol and one AR-15 Anderson Man. 5.56 caliber semiautomatic rifle.

15. A check of ROLLERSONS' criminal history revealed three prior felony convictions for narcotics dealing in Marion County, Indiana.

16. I know from my training and experience that none of the firearms possessed by ROLLERSON were manufactured in the state of Indiana, and that by virtue of their presence in the State of Indiana, they necessarily travelled in interstate or foreign commerce.

Based on the above paragraphs, I submit that probable cause exists for the arrest of Keenan ROLLERSON for Possession With Intent to Distribute 1 Kilogram or More of Heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i), and Unlawful Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NOT.

Marc Campbell, Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me this 2nd day of May, 2017.

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana